# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA L. ESTRADA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>SERVIS ONE, INC. d/b/a BSI FINANCIAL SERVICES,<br><br>　　　　　　　　Defendant. | Case No.: 16-cv-853-BEN (BGS)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER** |

Before this Court is an *Ex Parte* Motion for a Temporary Restraining Order, filed by Plaintiff Laura L. Estrada. (Docket No. 2.) Plaintiff seeks to enjoin Defendant from proceeding with the trustee's sale scheduled for April 14, 2016. Defendant filed an Opposition. (Docket No. 4.) For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

Plaintiff Laura L. Estrada, formerly Laura L. Valdivia, obtained a mortgage to purchase her real property in Spring Valley, California. Her mortgage was serviced by Carrington Mortgage Services ("CMS"). Plaintiff transferred her interest in the Spring Valley property to a third party by grant deed, which was recorded on August 1, 2011.[1] (Def.'s Req. for Judicial Notice, Ex. 1.)

---

[1] The Court grants Defendant's request for judicial notice. (Docket No. 4-1.)

1

On August 28, 2015, CMS offered to enter into a Trial Period Plan ("TPP") with Plaintiff.  Under the TPP, Plaintiff agrees that "[*i*]*f* [she is] in compliance with this [TPP] and [her] representations in Section 1 continue to be true and correct in all material respects, CMS will provide [her] with a Home Affordable Modification Agreement. . . ." (Mot. Ex. A (emphasis added).)  In Section 1, Plaintiff represented that "[t]here has been no change in the ownership of the Property since I signed the Loan Documents." (*Id.*)  The TPP further states, "If . . . CMS determines that [the borrower has] submitted any false or misleading information or [that the borrower's] representations in Section 1 were not, or are no longer, true and correct, the Loan Documents will not be modified and this Plan will terminate." (*Id.*)  The TPP reiterates that it "is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until [the borrower] meet[s] all of the conditions required for modification." (*Id.*)

On September 16, 2015, the servicing of Plaintiff's mortgage was transferred from CMS to Defendant Servis One, Inc.  On September 26, 2015, Plaintiff made the first payment of $1,985 under the TPP.  On October 15, 2015, Defendant sent notice to Plaintiff that she was not eligible for the loan modification.  Plaintiff made the second payment on November 1, which Defendant rejected.  Plaintiff attests that Defendant would not accept the third payment.  Defendant then issued a Notice of Trustee's Sale. (Mot. Ex. B.)

Plaintiff initiated this action alleging breach of contract, promissory estoppel, and violations of the California Homeowner Bill of Rights and the Unfair Competition Law. (Docket No. 1.)

## LEGAL STANDARD

A temporary restraining order ("TRO") is a form of preliminary injunctive relief limited to "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bd. of Teamsters*, 415 U.S. 423, 439 (1974).  It is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v.*

2

*Natural Res. Def. Council*, 555 U.S. 7, 24 (2008).

Federal Rule of Civil Procedure 65(b) empowers a court to grant a TRO without written or oral notice to the adverse party "only if":

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The Court's substantive analysis on a motion for a TRO is substantially identical to that on a motion for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm absent injunctive relief; (3) the balance of equities tips in favor of injunctive relief; and (4) injunctive relief is in the public interest. *Winter*, 555 U.S. at 20. In the Ninth Circuit, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation marks omitted).

## DISCUSSION

Ordinarily before issuing a TRO, the Court must hold a hearing or otherwise provide the opposing party with an opportunity to respond. In this case, the Court gave Defendant time to file an opposition, which it did. (Docket Nos. 3, 4.) Therefore, the notice requirement is satisfied.

As for the likelihood of success on the merits, Plaintiff failed to demonstrate standing. The plaintiff bringing an action in the federal court has the burden to show that Article III standing exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Snake River Farmers' Ass'n, Inc. v. Dep't of Lab.*, 9 F.3d 792, 795 (9th Cir. 1993). Specifically, the plaintiff must show (1) an injury in fact; (2) traceable to the challenged action of the defendant; and (3) likely to be redressed by a favorable decision. *Lujan*, 504

U.S. at 560. A standing inquiry accordingly focuses on whether the plaintiff is the proper party to bring the lawsuit. *Raines v. Byrd*, 521 U.S. 811, 818 (1997). Under Federal Rule of Civil Procedure 17(a), "[a]n action must be prosecuted in the name of the real party in interest," such as the trustee of an express trust. "In general, it is the person holding title to the claim or property involved" who is the real part in interest. *U-Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir. 1986).

Plaintiff claims that the Spring Valley property is held in a trust. The trustee is Leopolda Tellechea. (Def. Req. for Judicial Notice, Ex. 1.) "As a general rule, the trustee is the real party in interest with standing to sue and defend on the trust's behalf." *Aguirre v. Cal-Western Reconveyance Corp.*, 2012 WL 273753, at *4 (C.D. Cal. Jan. 30, 2012) (citing *In re Estate of Bowles*, 169 Cal. App. 4th 684, 691 (2d Dist. 2008). As Plaintiff has not shown that she is the trustee or that she has legal title to the property, it appears that she lacks standing and is not the real party in interest.

In addition, Plaintiff's Complaint is based upon her compliance with the TPP. Plaintiff asserts that all of her representations in the TPP were true and that Defendant breached the agreement by unilaterally terminating the Plan. However, as evidenced by the grant deed recorded in 2011, Plaintiff transferred her interest in the property to "Princesa Lorena 1210, Trustee Leopolda Tellechea." (Def. Req. for Judicial Notice, Ex. 1.) As such, Plaintiff's representation to CMS that there had been no change in ownership of the property since Plaintiff signed the loan documents was not true or correct.

Because Plaintiff does not have legal title to the property and because she did not comply with the terms of the TPP, she cannot establish a likelihood of success on her claims. Plaintiff's Motion is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: April 13, 2016

HON. ROGER T. BENITEZ
United States District Judge